# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **ORDER OF DETENTION** |
| V. | **PENDING TRIAL** |
| **KIM ROBERT STATLER, II** | Case Number: 1:11-CR-140 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

    _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 32 years old and is unemployed with no permanent residence. He was evicted from his previous residence for failure to pay his rent and moved into his father's home which was a veritable but unsecured arsenal. There were young children in the house. Defendant was previously convicted of having open intoxicants in a motor vehicle and operating while intoxicated. He failed to appear for arraignment on the former charge. Defendant acknowledges consuming 3 to 4 drinks twice per week and has previously been required to attend out-patient substance abuse (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community (particularly defendant's own safety). The circumstances surrounding defendant and his brother were not dissimilar. Both had felony records and lived across the street from each other in houses where there were unsecured firearms. They would spend hours drinking Captain Morgan, becoming intoxicated, and playing Grand Theft Auto, a notoriously violent TV video game. (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 26, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq. ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq. ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

## Alternate Findings (B) - (continued)

counseling.  More recently, in December of 2009, defendant was convicted of delivery/manufacturing of marijuana.  He states he suffers from anxiety, and it appears he has a substantial problem with alcohol.

It was apparently normal behavior for defendant, his deceased brother, and another brother to hang around the front room of the house, becoming heavily intoxicated and playing video games.  On the day in question, defendant and his brother, both with felony records, were drinking and playing Grand Theft Auto, when they went outdoors and the brother fired a couple of shots for fun.  The brothers laughed and said this would bring the police.  When the police arrived, the brother (not the defendant) engaged in a gunfight with them which resulted in one police officer being killed and the brother committed suicide by shooting himself in the head.  Following the shooting, defendant became very agitated or irate.  After seeing his brother kill himself, defendant was walking around yelling obscenities and continuing to drink.  He told a police officer, "I am a convicted felon and there are some rifles in my house and I know they shouldn't be there.  I ain't going back to jail over them."

## Part II - Written Statement of Reasons for Detention - (continued)

They would talk about robbing people.  When the brother fired off shots outdoors, they laughed about the fact that that would bring the police, both knowing they were felons who were not allowed to possess firearms.  In this instance, when the police arrived, the brother decided to confront them (as in Grand Theft Auto) and killed one police officer and shot himself.  Defendant's immediate behavior was to become more agitated, more intoxicated and to state that he would never go to jail for being a felon in possession of firearms.  Defendant was emotional in the courtroom as well.  While defendant's emotions are understandable, and the court stated on the record in open court that it is not beyond defendant's power to transform his life and break away from the drift that he and his brothers were in, it is not clear from defendant's present state of mind, and his likely continued use of alcohol, and his remorse over his brother, that there are any conditions that will protect those around him at this time if he were released, including himself.